UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

    -against-                                  8:14-cv-0903 (LEK/CFH)

KATHLEEN FRESN,

          Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

On July 22, 2014, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Kathleen Fresn ("Defendant") defaulted on two promissory notes. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiff's Motion for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 10 ("Motion").

**II.    BACKGROUND**

Defendant is a resident of Clinton County, New York. Compl. at 1. The Complaint alleges that Defendant executed two promissory notes securing student loans from Fleet Bank. See id.; Dkt. No. 1-1 ("Exhibits"). Defendant's loans were guaranteed by the New York State Higher Education Services Corporation, and then reinsured by the U.S. Department of Education under authorized loan guaranty programs. See Exs. Defendant defaulted on her loans, and Plaintiff commenced the present action. See Compl. Defendant did not file a responsive pleading, and on September 15, 2014, the Clerk filed an Entry of default against Defendant at Plaintiff's request. See Dkt. Nos. 7; 9. On September 17, 2014, Plaintiff filed the instant Motion for default judgment, seeking an award on the two promissory notes, respectively, of: (1) $10,207.61 in principal, plus $2,272.97 accrued

interest through September 15, 2014, with interest thereafter to the date of judgment at the rate of 3.15%; (2) $6,718.35 in principal, plus $1,157.07 accrued interest through September 15, 2014, with interest thereafter to the date of judgment at the rate of 2.35%.  Mot. ¶¶ 4,5.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).  "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id.  Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189.  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3.  "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189.  "While the court must ensure that there is a basis for the damages specified in a default judgment, it may, but

2

need not, make the determination through a hearing." Id. at 190 (internal quotation marks omitted).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

## IV. DISCUSSION

Plaintiff has failed to comply with the Local Rules. Local Rule 55.2(b) requires a party moving for default judgment to submit a copy of the pleading to which no response was made. However, Plaintiff did not include a copy of the Complaint with its Motion for default judgment. See generally Mot. Plaintiff's Motion for default judgment is therefore denied. If Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days** after the entry of this Decision and Order. Plaintiff's new motion must conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules and must contain the supporting documentation required by statute and rule. Failure to file a conforming motion will result in dismissal of this action with prejudice.

## V. CONCLUSION

Accordingly, it is hereby:

3

**ORDERED**, that Plaintiff's Motion (Dkt. No. 10) for default judgment is **DENIED**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, the motion must comply with the Federal Rules of Civil Procedure and the Local Rules and be filed **within thirty (30) days** after the entry of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not file a new, conforming motion **within thirty (30) days**, this action will be **DISMISSED with prejudice** without further order of the Court, and the Clerk is directed to enter judgment accordingly and close the case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 29, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge